IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-30-NJR |
| | ) |
| | ) |
| DEE DEE BROOKHART, | ) |
| and LAURIE CUNNINGHAM, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mario Jones, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint (Doc. 1), Jones alleges that Dee Dee Brookhart, the Warden at Lawrence, and Laurie Cunningham, the Healthcare Unit Administrator at Lawrence, exhibited deliberate indifference to his serious medical condition, sleep apnea, when they failed to return his Continuous Positive Airway Pressure, or CPAP, machine. In addition to damages, Jones seeks a permanent and preliminary injunction ordering Defendants to return his CPAP machine.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Jones makes the following allegations in the Complaint (Doc. 1): In 2019, after completing a sleep study, Jones was diagnosed with sleep apnea and prescribed a CPAP machine. On November 23, 2020, an unidentified officer confiscated Jones's CPAP machine without warning or explanation. Without his CPAP machine, Jones experiences trouble breathing at night; he wakes several times a night gasping for breath, resulting in sleep deprivation, stress, anxiety, and exhaustion. Jones wrote to Warden Brookhart and "healthcare" to "beg" for his CPAP machine, but he did not receive a response. Without a CPAP machine, Jones is experiencing unnecessary pain and suffering, and his life is allegedly in danger.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into a single count:

> **Count 1:    Eighth Amendment deliberate indifference claim against Brookhart and Cunningham for ignoring Jones's grievances and failing to return his CPAP machine.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this stage, Jones states viable claims in Count 1 against Brookhart for deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Perez v. Fenoglio*, 792 F.3d 768, 781-82 (7th Cir. 2015). But the Complaint fails to state a claim against Cunningham. Jones claims he notified "healthcare," seeking return of his CPAP machine. Such an allegation does not suggest that Cunningham was personally involved in any deprivation of Jones's constitutional rights. Accordingly, Count 1 shall be dismissed without prejudice as to Cunningham. *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012).

## Request for Injunctive Relief

Jones states that he is seeking "emergency preliminary injunctive relief." Specifically, Jones seeks an order directing officials to return his CPAP machine. The Court will direct Defendant Brookhart to respond to the request in an expedited fashion. A response is due **on or before February 2, 2021**.

## Pending Motions

Jones's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate order of the Court.

As to his motion for counsel (Doc. 3), Jones indicates that he has a fourth-grade reading level and was only able to file the complaint in this case with the assistance of

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

another inmate. He also indicates that he has not contacted any attorneys due to the emergency nature of his claims. Despite Jones's alleged shortcomings, appointment of counsel at this early stage would be premature. The Complaint has survived preliminary review and will proceed. Jones is free to renew his request at a later date, but only after he has attempted to obtain representation on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-5 (7th Cir. 2007). Should Jones choose to move for recruitment of counsel at a later date, the Court directs Jones to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. He also should include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

Count 1 shall proceed against Brookhart. Count 1 is dismissed without prejudice as to Cunningham. The Clerk of Court is **DIRECTED** to terminate Cunningham as a defendant.

The Clerk of Court shall prepare for Defendant Brookhart: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Jones. If Brookhart fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on Brookhart, and the Court will require Brookhart to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Brookhart can no longer be found at the work address provided by Jones, the employer shall furnish the Clerk with the Brookhart's current work address, or, if not known, Brookhart's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Brookhart is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Brookhart need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Jones, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Jones is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with

this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/15/2021**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the defendant of your lawsuit and serve her with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. After the defendant has filed her Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**