IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO JONES, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DEE DEE BROOKHART, )<br>)<br>    Defendant. ) | Case No.   21-cv-30-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Mario Jones filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff alleges his CPAP machine was confiscated on November 23, 2020 without explanation and, despite writing Warden Brookhart to request return of the same, no response was received.

Plaintiff is proceeding in this action on an Eighth Amendment deliberate indifference claim against Dee Dee Brookhart for ignoring Plaintiff's requests and failing to return his CPAP machine.

This matter is now before the Court on Defendant Brookhart's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 25). In support of her motion, Brookhart submitted the Declaration of Jamey Garrett, a grievance officer at Lawrence. Garrett asserts there is a record of two grievances relevant to the issues in this lawsuit filed by Plaintiff at the relevant time. The first is an emergency grievance dated November 22, 2020 that was received on December 3, 2020. The Chief Administrative Officer found an emergency was not substantiated on December

7, 2020, and it was returned to Plaintiff on December 8, 2020. There is no further record of this grievance at Lawrence. According to the Declaration of Lisa Weitekamp, the Manager of the Administrative Review Board ("ARB"), this grievance was received by the ARB on December 14, 2020, and returned without a decision on the merits on December 17, 2020 because Plaintiff failed to provide his facility's responses. Weitekamp asserts no other relevant grievances were received by the ARB.

Garrett also explains the institution received a second grievance from Plaintiff relevant to the issues in this lawsuit on December 28, 2020. This grievance was dated December 25, 2020. The counselor responded to this grievance on January 14, 2021. Plaintiff filed this lawsuit on January 12, 2021, prior to receiving the counselor's response.

Along with their Motion, Defendants filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to their motion within thirty days and advising him of the perils of failing to respond (*see* Doc. 27). Plaintiff's response was due on August 26, 2021. On September 28, 2021, the Court *sua sponte* granted Plaintiff additional time, up to and including October 28, 2021 to file his response. The Court granted Plaintiff an extension noting Plaintiff's docket address indicated he was incarcerated at Pinckneyville Correctional Center although the IDOC website indicated he was currently incarcerated at Robinson Correctional Center. On October 7, 2021, the Court received a letter from Plaintiff directed to the undersigned indicating he sent his grievances to the Southern District Courthouse located in East St. Louis, Illinois (*see* Doc. 29). On November 4, 2021, the undersigned entered an order addressing Plaintiff's document, wherein the undersigned explained the Clerk had no record of receiving Plaintiff's grievances. Plaintiff was further advised that the submission of grievances is not, in and of itself, a response to Defendant's motion. Plaintiff was again granted an extension of time, up to and including

November 29, 2021, to file a response to Defendant's motion for summary judgment. As of the date of this Order, Plaintiff has not responded to Defendant's motion.

Plaintiff, however, attached a statement concerning his efforts to exhaust his administrative remedies to his complaint (*see* Doc. 1-1). In this statement, which Plaintiff declared under penalty of perjury, Plaintiff explains the grievance form instructs offenders to mail their grievance to the ARB if their issue is "not resolved by the CAO." Similarly, Plaintiff contends the Lawrence Orientation Manual dated July 1, 2020 instructed that "[a]n offender may appeal an institutional level decision to the Director within 30 days of the local decision." Plaintiff asserts no further instruction regarding the appeal process for emergency grievances was provided. Plaintiff asserts he believed his November 22, 2020 grievance was fully exhausted after he received the ARB's response that his grievance would not be addressed further.

## Legal Standards

***Summary Judgment Standard***

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting

*Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 Ill. Admin. Code § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within

30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the evidence in the record, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

First, the Court considers Plaintiff's November 22, 2020 emergency grievance. In his explanation attached to his complaint, Plaintiff asserts he believed this grievance was fully exhausted after he received the response from the ARB that it would not be addressed further. Relevant to the Court's consideration, 20 ILCS § 504.840 provides that:

An offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer.

a) If there is a substantial risk of imminent personal injury or other serious or

> irreparable harm to the offender, the grievance shall be handled on an emergency basis.
>
> […]
>
> c) If the Chief Administrative Officer determines that the grievance should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process.

Subsection (c) effectively mandates that after the CAO determines a grievance should not be handled on an emergency basis, the grievance must be resubmitted as non-emergent in accordance with the standard grievance process. In this instance, Plaintiff was directed by the CAO to submit his grievance according to the standard grievance procedure, but failed to do so. Plaintiff's submission of this grievance to the ARB following the CAO's non-emergency determination is not sufficient to exhaust his administrative remedies. *See Smith v. Asselmeier*, Case No. 3:17-cv-1237-JPG-DGW, 2018 WL 3533346 (July 23, 2018 S.D. Ill.), *aff'd*, No. 18-2832, 2019 WL 1568111, 762 F. App'x 342,344 (7th Cir. 2019) (remarking that the Seventh Circuit has "long required that inmates properly exhaust all available steps that have been made known to them" and noting that the Code provided a process through which the inmate could submit a non-emergency grievance).

Plaintiff submitted a second grievance regarding the confiscation of his CPAP machine that was dated December 25, 2020. The counselor responded to this grievance on January 14, 2021. Plaintiff filed this lawsuit on January 12, 2021, prior to receiving the counselor's response. Plaintiff does not make any argument concerning this grievance in his attachment to his complaint. Moreover, the Court finds the counselor timely responded to said grievance, as the Administrative Code allows two months for a grievance officer to respond to a written grievance and the counselor's response was provided well within this framework. *See* 20 ILCS § 504.830.

**Conclusion**

Based on the foregoing, Defendant Brookhart's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 25) is **GRANTED**.  This matter is **DISMISSED WITHOUT PREJUDICE**.  The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 29, 2021**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**